# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2394

_____

| | | |
|---|---|---|
| Jason J. Ross, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Sgt. Dale Buck; K. Stewart; City of W. | * | [UNPUBLISHED] |
| Des Moines; Bill Jess, Officer; A. | * | |
| Kooiker, Officer; Vesey, Officer; James | * | |
| Wade, Officer, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: May 30, 2006
Filed: June 23, 2006

_____

Before WOLLMAN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Jason J. Ross appeals from the district court's adverse grant of summary judgment and adverse judgment entered after a bench trial in his 42 U.S.C. § 1983 action. We affirm in part and reverse and remand in part.

Ross brought this civil rights action against the City of West Des Moines, Iowa, and six of its police officers, alleging that the officers used excessive force in arresting and detaining him on December 29 and 30, 2000, and in arresting him again

on February 3, 2001. The district court granted summary judgment to Officers Keith Stewart and Christopher Vesey for their roles in the December 29 arrest, to Officer Aaron Kooiker for his role in the December 29-30 detention, and to Officer William Jess for his role in the February 3 arrest. After a bench trial, the district court entered judgment for Officers Dale Buck, Dan Wade, and Vesey for their roles in the February 3 arrest. On appeal, Ross argues only that the district court should have granted his motions to amend his complaint and for appointment of counsel, and that the district court erred in granting summary judgment to Officer Jess.

We conclude the district court did not abuse its discretion in denying Ross's motion to amend his complaint to add Officer Luiza Fritz as a defendant. The motion was untimely, as it came sixteen months after Ross received information that Fritz was the jailer who had checked on him in detention and thus had been the one to whom Ross had directed his complaints about his restraints being too tight. The amendment was also futile, given the district court's ruling that the claim failed for lack of evidence of long-term or permanent injury from the restraints. See Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989) (standard of review; good reasons to deny leave to amend include undue delay, undue prejudice to non-moving party, or futility of amendment); see also Foster v. Metro. Airports Comm'n, 914 F.2d 1076, 1077-78, 1082 (8th Cir. 1990) (without medical records indicating arrestee suffered long-term injury, allegations of pain and nerve damage as result of being handcuffed too tightly for two hours were insufficient to support excessive-force claim). We also conclude the district court did not abuse its discretion in denying Ross's motion for appointment of counsel, as Ross appeared capable throughout this litigation of representing himself. See Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (standard of review and relevant factors).

We review de novo the grant of summary judgment for Officer Jess, viewing the facts in the light most favorable to Ross. See Peter v. Wedl, 155 F.3d 992, 996 (8th Cir. 1998) (standard of review). In deciding that Jess was entitled to qualified

immunity, the district court was required to consider whether the officer's conduct violated a constitutional right, and whether that right was clearly established. See Saucier v. Katz, 533 U.S. 194, 201-02 (2001). Under the Fourth Amendment, the constitutionality of the force used during an arrest depends upon the facts and circumstances, including the severity of the crime at issue, whether the suspect posed an immediate safety threat to the officers or others, and whether the suspect actively resisted arrest or attempted to evade arrest by flight. See Graham v. Connor, 490 U.S. 386, 395-96 (1989).

The undisputed evidence showed that when officers responded to a call about a disturbance in an apartment, they encountered a naked Ross, who resisted orders to get on the ground in the bedroom and instead grabbed his female companion around the neck and kicked at the officers. Once restrained, Ross was escorted to the living room and was placed lying face up on the couch. Officer Jess assisted in controlling Ross, and when Ross's foot came into contact with Jess's head, Jess sprayed Ross with pepper foam. What happened next is disputed, but believing Ross's version of the facts, as we must, Officer Jess sprayed Ross with pepper foam a second time when Ross turned his face into the couch to wipe off the foam from the first spray. Then, while Ross's feet were being held, some of the officers--including Jess--punched, choked, and sprayed Ross a third time with pepper foam. The district court did not discuss whether Jess's second and perhaps third use of pepper foam was reasonable, or whether Jess participated in any conduct besides the macing that could have been deemed excessive force. Because a reasonable jury could conclude that Jess's use of the pepper foam and other conduct was gratuitous and therefore unreasonable, see Henderson v. Munn, 439 F.3d 497, 502-03 (8th Cir. 2006) (use of mace on prostrate, restrained arrestee who posed little or no threat to safety of officers or others was not objectively reasonable), and because the unreasonableness of the alleged conduct was clearly established at the time of the incident, Ross is entitled to proceed on these claims against Officer Jess.

The grant of summary judgment in favor of Officer Jess is reversed, and the case is remanded to the district court for a trial on Ross's claims against him.  The judgment in favor of the other officers is affirmed in all respects.

_____