# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 05-2765/2869

_____

David Hyde, Guardian of the Person         *
and Estate of Bertrand S. Hyde,            *
an Incapacitated Person,                   *
                                           *
      Appellee/Cross-Appellant,          *
                                           *   Appeals from the United States
      v.                                 *   District Court for the
                                           *   Eastern District of Arkansas.
Jeff Myers, Individually and in his        *
official capacity as police officer of     *   [UNPUBLISHED]
the City of Russellville, Arkansas; Kari   *
E. Powers, Individually and in her         *
official capacity as police officer for    *
the City of Russellville, Arkansas,        *
                                           *
      Appellants/Cross-Appellees,        *
                                           *
City of Russellville, Arkansas,            *
                                           *
      Defendant.                         *

_____

Submitted: July 25, 2006
Filed: August 7, 2006

_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

These interlocutory appeals arise from Bertrand S. Hyde's 42 U.S.C. § 1983 lawsuit against the City of Russellville, Arkansas, and police officers Jeff Myers and Kari E. Powers. Myers and Powers (appellants) appeal the district court's[1] denial of summary judgment based on qualified immunity on an excessive-force claim, as well as the denial of summary judgment on an assault-and-battery claim; and in a cross appeal, Hyde's guardian--who was substituted as plaintiff--challenges summary judgment rulings adverse to Hyde.

We lack jurisdiction over all these rulings except the denial of qualified immunity on the excessive-force claim. *See* 28 U.S.C. § 1291 (courts of appeals have jurisdiction over district courts' final decisions); *Krein v. Norris*, 250 F.3d 1184, 1187 (8th Cir. 2001) (where there is indication that jurisdiction is lacking, issue will be raised sua sponte); *Kassuelke v. Alliant Techsystems, Inc.*, 223 F.3d 929, 930-31 (8th Cir. 2000) (discussing exceptions to final-judgment rule). The denial of summary judgment based on qualified immunity is immediately appealable to the extent the appeal seeks review of the district court's purely legal conclusions. *See Vaughn v. Greene County, Ark.*, 438 F.3d 845, 849 (8th Cir. 2006).

We agree with the district court that appellants were not entitled to qualified immunity on the excessive-force claim. *See Henderson v. Munn*, 439 F.3d 497, 501 (8th Cir. 2006) (standard of review). The court correctly analyzed the claim under the Fourth Amendment's objective-reasonableness standard rather than the substantive due process standard. *See Graham v. Connor*, 490 U.S. 386, 388 (1989). We conclude the district court properly determined, viewing the facts in the light most favorable to Hyde, that there was a Fourth Amendment excessive-force violation, and that the constitutional right to be free from excessive force was clearly established at the time of the violation, such that appellants would reasonably have understood their

---

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

actions were unlawful in the situation they confronted. *See Henderson*, 439 F.3d at 501-04.

Accordingly, we dismiss for lack of jurisdiction appellants' challenge to the denial of summary judgment on the assault-and-battery claim, and all the challenges raised in the cross appeal. We affirm the denial of qualified immunity to appellants on the Fourth Amendment excessive-force claim.

_____