# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-4351

_____

Dwayne Andrews

*Plaintiff - Appellant*

v.

Keith Schafer; Felix T. Vincenz; Mark Stringer; Laurent D. Javois; Sylvia P. Adams; H. A. Mannich; Roy Wilson

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 11, 2018
Filed: April 30, 2018

_____

Before COLLOTON, BENTON, and ERICKSON, Circuit Judges.

_____

ERICKSON, Circuit Judge.

In 2003, Dwayne Andrews experienced a PTSD-related psychotic break. During the episode, he fired shots in the direction of two police officers. In 2005, the prosecution and Andrews entered into a Stipulation of Defense, which the court accepted, that Andrews was Not Guilty by Reason of Insanity under Section 552.030

of the Missouri Revised Statutes. As a result of the statutory scheme, Andrews was committed to the custody of the Missouri Department of Mental Health for treatment.

In 2014, Andrews brought a 42 U.S.C. § 1983 action against numerous current and former employees of the Missouri Department of Mental Health[1] alleging he had been deprived of his substantive due process right to liberty during his in-patient commitment as well as during his period of conditional release. The defendants moved for summary judgment. The district court[2] granted summary judgment in favor of the defendants on the basis of qualified immunity. Andrews appeals, and we affirm.

## I. BACKGROUND

We recount the facts in the light most favorable to Andrews. On August 9, 2003, Andrews experienced a PTSD episode complete with hallucinations. Believing he was under attack by hidden assailants, Andrews fired a rifle in the direction of two police officers. Fortunately the shots were errant and no one was injured. Andrews was subdued, arrested, and charged with armed criminal action and two counts of assault in the first degree.

---

[1]Defendant Keith Schafer is the former Director of the Department of Mental Health. Defendant Mark Stringer is the current Director of the Department of Mental Health. Defendant Felix Vincenz is the Chief Operating Officer at the St. Louis Psychiatric and Rehabilitation Center. Defendant Roy Wilson is the Medical Director at St. Louis Psychiatric and Rehabilitation Center and the Missouri Psychiatric Center. Defendant Laurent Javois is the Regional Executive Officer for the Southeastern Region of Missouri for the Department of Mental Health. Defendant H.A. Mannich is a former employee of the Missouri Department of Mental Health. Defendant Sylvia Adams is a former employee of the Missouri Department of Mental Health.

[2]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

Andrews was evaluated by Dr. Michael Armour, a licensed psychologist who found him competent to proceed. Even so, Dr. Armour also concluded that Andrews was not criminally responsible for his behavior as a result of his PTSD episode. Andrews, his attorney, and the prosecutor stipulated that Andrews's defense of Not Guilty by Reason of Insanity under Section 552.030 of the Missouri Revised Statutes was valid. The Circuit Court of St. Louis accepted the stipulation, found Andrews Not Guilty by Reason of Insanity, and committed Andrews to the custody of the Department of Mental Health for treatment.[3]

Between October of 2005 and January of 2006, Andrews filed three motions for conditional release, claiming he was no longer mentally ill or dangerous. The Department of Mental Health did not support his motions, and Andrews's motions to vacate his commitment were denied.

In September of 2010, Andrews underwent a Conditional Release Evaluation by Dr. Jeffrey Kline, who found that Andrews was not likely to be dangerous to others on conditional release or to commit another violent crime due to his mental illness. While Andrews's diagnosis remained in effect due to the nature of PTSD, Dr. Kline stated Andrews's symptoms were in "full remission" and had been for several years.

Andrews and the Department of Mental Health filed cross-applications for conditional release that came on for hearing in December of 2010. The hearing marked the first time the Department of Mental Health supported Andrews's claim for conditional release. It was, however, opposed by the prosecution, and the circuit court denied the applications for conditional release.

---

[3]Andrews was initially placed at the Biggs Center, a secure facility. On October 4, 2005, Andrews was moved to the Guhleman Forensic Center at Fulton State Hospital, a less restrictive facility. In September of 2007, Andrews was transferred to the St. Louis Psychiatric and Rehabilitation Center.

In June of 2012, the circuit court once again considered Andrews's application for conditional release, this time ordering a conditional release "without discharge." The release without discharge required Andrews to continue residing at the treatment facility. In September of 2012, the circuit court amended the conditional release without discharge to a conditional release with discharge for a period of one year. In September of 2013, Laurent Javois, in his official capacity, moved to amend and extend Andrews's conditional release for an additional year. That motion was granted on October 8, 2013, with a proposed termination date of October 5, 2014. Andrews filed this suit on October 11, 2013.

## II. DISCUSSION

We review the district court's grant of summary judgment *de novo*, viewing the evidence in a light most favorable to the nonmoving party. Mackey v. Johnson, 868 F.3d 726, 729 (8th Cir. 2017). "Qualified immunity protects a government official from liability in a section 1983 action unless the official's conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known." Henderson v. Munn, 439 F.3d 497, 501 (8th Cir. 2006). To prevail in the face of a claim of qualified immunity, the plaintiff must show: (1) facts which demonstrate, when viewed in a light most favorable to the plaintiff, "the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation." Howard v. Kansas City Police Dep't, 570 F.3d 984, 988 (8th Cir. 2009).

Andrews's claim is simple: an individual who is committed after acquittal by reason of insanity is entitled to unconditional release if he is either: 1) no longer dangerous, or 2) no longer mentally ill. See Foucha v. Louisiana, 504 U.S. 71, 77 (1992) (explaining that the Due Process Clause allows a committed acquittee to be held "as long as he is both mentally ill and dangerous, but no longer"); Revels v. Sanders, 519 F.3d 734, 742-43 (8th Cir. 2008) (holding that a committed acquittee

is entitled to an unconditional release if the acquittee is not presently dangerous or not presently mentally ill). Andrews argues his evaluations showed he was no longer dangerous and/or no longer mentally ill, and that defendants violated his substantive due process right to liberty when they continued to restrain him and did not support his requests for unconditional release.

Andrews correctly asserts that a committed acquittee is entitled to release once he is no longer dangerous or no longer mentally ill. The issue is that Andrews does not challenge an order restraining his liberty but seeks to hold current and former employees of the Missouri Department of Mental Health liable under § 1983 for depriving him of his substantive due process rights. For Andrews to prevail he must demonstrate both "that the [state defendants'] conduct was conscience-shocking, *and* that the [state defendants] violated one or more fundamental rights that are deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." Karsjens v. Piper, 845 F.3d 394, 408 (8th Cir. 2017) (quoting Moran v. Clarke, 296 F.3d 638, 651 (8th Cir. 2002) (en banc) (Bye, J., concurring)). To shock the conscience the defendants' conduct must be "so severe . . . so disproportionate to the need presented, and . . . so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience." Id. (citing Moran, 296 F.3d at 647).

The evidence viewed in the light most favorable to Andrews does not show the defendants' actions "shocked the conscience." Andrews gives no reason to believe any medical opinion was offered in bad faith. The evidence does not suggest any defendant's representations to the circuit court were "inspired by malice" or otherwise untruthful.

Ultimately the decision to grant a release lay with the circuit court. The court repeatedly declined to grant release—even when release was supported by the named

defendants. Whether Andrews was entitled to relief or not, the defendants' actions in the course of Andrews's detention and related judicial proceedings do not shock the conscience. The defendants are entitled to qualified immunity.[4]

## III. CONCLUSION

For these reasons, the judgment of the district court is affirmed.

_____

_____

[4]Andrews also claimed the state defendants should be held liable for their failure to intervene. We have held there is no clearly established law regarding a duty to intervene outside of the excessive force context. Hess v. Ables, 714 F.3d 1048, 1052 (8th Cir. 2013). Andrews does not bring an excessive force claim. Granting qualified immunity was appropriate.