# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2624
_____

Mark Wellman

*Plaintiff - Appellant*

v.

City of Jennings, Missouri

*Defendant*

St. Louis County, Missouri

*Defendant - Appellee*

Jeff Fuesting

*Defendant*

Jon Belmar

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 10, 2018
Filed: July 26, 2018
[Unpublished]

_____

Before GRUENDER, MELLOY, and BENTON, Circuit Judges.
_____

PER CURIAM.

On December 28, 2014, the St. Louis County Police were dispatched to the home of Mark Wellman after a 911 call indicated Wellman was suicidal, intoxicated, and armed. Wellman agreed, after a conversation with an officer, to voluntarily commit himself. At this point, the police seized two firearms from his home. Later, the police received a request to return to Wellman's home and retrieve additional firearms. In total, the police retained more than twenty firearms for safekeeping.

When a firearm is seized as a part of a suicide intervention in St. Louis County, the police hold the weapon subject to Special Order 11-334. The Special Order requires either a writ of replevin or letter from a treating psychologist or psychiatrist before a firearm may be released. Wellman did not attempt to retrieve his guns using the procedures outlined in the Special Order.

Instead, Wellman filed suit, alleging five claims under 42 U.S.C. § 1983 and two pendant state law claims and seeking the return of his firearms as well as monetary damages. Wellman and Defendants filed motions for summary judgment, and the district court[1] granted the motion in favor of Defendants. In a separate order, by consent of the parties, the district court approved the return of Wellman's firearms. Wellman appeals two of his § 1983 claims, arguing his Fourth and Fifth Amendment rights were violated because (1) the police did not have the requisite consent to seize the firearms and (2) the retention of the firearms constituted an unreasonable seizure.

_____

[1]The Honorable Rodney W. Sippel, Chief Judge, United States District Court for the Eastern District of Missouri.

After a careful review of the record, viewing the facts in the light most favorable to Wellman, we conclude the district court properly granted summary judgment. See Andrews v. Schafer, 888 F.3d 981, 983 (8th Cir. 2018). As the district court noted, Wellman failed to avail himself of the "meaningful" procedures available, which would have allowed him to retrieve his firearms. Finding no constitutional violation, we affirm the district court for the reasons stated in its decision. See Wellman v. St. Louis Cty., 255 F. Supp. 3d 896 (E.D. Mo. 2017); 8th Cir. R. 47B.

_____