# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2359

_____

John Ekblad

*Plaintiff - Appellant*

v.

Independent School District No. 625; Valeria Silva, individually and in her
Official Capacity; Theresa Battle, individually and in her Official Capacity

*Defendants - Appellees*

------------------------------

Minnesota Defense Lawyers Association

*Amicus on Behalf of Appellee(s)*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: June 13, 2018
Filed: August 8, 2018
[Unpublished]

_____

Before GRUENDER, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

On December 4, 2015, John Ekblad, while working as a teacher and lunchroom supervisor at Central Senior High School in St. Paul, Minnesota, intervened in a lunchroom fight. Ekblad was assaulted by a student involved in the fight and suffered injuries. He brought suit against the school district and its employees, alleging negligence and negligent supervision. He also filed claims against Valeria Silva (Superintendent for the school district from 2009 through 2016) and Theresa Battle (Assistant Superintendent since July of 2013) under 42 U.S.C. § 1983, alleging a violation of a substantive due process right to a safe work environment. The district court[1] granted summary judgment to the defendants on all claims, concluding that Ekblad's negligence claims were preempted by the Minnesota Workers' Compensation Act ("WCA") and that he did not adequately support his § 1983 claims. Ekblad appeals, asserting that he falls within recognized exceptions to the WCA and that his § 1983 claims are viable. We affirm.

## I.    Background

Ekblad was employed by Central Senior High School as a physical science teacher and lunchroom supervisor. As a lunchroom supervisor, he tried to maintain order and discourage student fights. While the school district generally instructed teachers to intervene in fights if they felt they could do so safely, the district did not require teachers to intervene. Teachers were not subject to discipline for failing to break up a fight.

On December 4, 2015, a fight broke out during the lunch period and Ekblad attempted to break it up. One of the students in the fight responded by attacking Ekblad and seriously injuring him. After the beating, the student asked onlookers,

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

"Did you see me slam that white-ass teacher?" Ekblad required medical treatment for his injuries. The school district has paid for Ekblad's medical bills, and he has received workers' compensation benefits.

On March 1, 2016, Ekblad filed suit in state court against the present defendants, alleging: 1) negligence and negligent supervision by the school district and its employees, and 2) violations by Silva and Battle of his substantive due process right to a safe work environment. Defendants removed to federal court.

Ekblad alleged that school administrators deliberately ignored student misconduct and created an environment that became increasingly dangerous to students and teachers. He submitted testimony from other teachers that school administrators, aware of previous racial disparity in discipline rates, intentionally created a race-conscious policy for student discipline. Under the policy, minority students were treated leniently, even in cases involving violence, which had the desired result of decreasing reportable discipline disparity. The teachers testified that student misbehavior increased when students realized they would not be disciplined for misconduct—even violent misconduct. Ekblad claims that his assault was the direct result of school administration policy regarding minority student misconduct.

## II.   Discussion

We review *de novo* the district court's grant of summary judgment, viewing the evidence and all reasonable inferences therefrom in the light most favorable to the non-movant. Fu v. Owens, 622 F.3d 880, 882 (8th Cir. 2010). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Minnesota's workers' compensation system is generally the exclusive remedy for an employee who suffers a job-related personal injury. Minn. Stat. § 176.031. If the WCA's exclusive remedy provision is applicable, a court lacks jurisdiction over any claim seeking redress for an employee's injuries. McGowan v. Our Savior's Lutheran Church, 527 N.W.2d 830, 833 (Minn. 1995) (citing Huhn v. Foley Bros., 22 N.W.2d 3 (Minn. 1946)). The WCA has three relevant exceptions to the exclusive remedy provision: the assault exception, the intentional act exception, and the coemployee liability exception. None are applicable in this case.

The assault exception excludes injuries resulting from an attempt "to injure the employee because of personal reasons." See Minn. Stat. § 176.011, subdiv. 16. Here the exception does not apply because stray evidence of racial animus does not qualify as a "personal reason" when it overlaps with employment-related animus. See Fu, 622 F.3d at 883 (holding that the WCA covered plaintiff's injuries despite evidence of racial animus because the assault occurred due to work-related tension between the parties). Ekblad's attacker called him "white-ass," but he also called him a teacher, and the context makes clear that Ekblad's employment played a causal role in the assault. See McGowan, 527 N.W.2d at 834 (holding that the rape of a homeless shelter employee by a shelter client in the workplace during work hours did not fall within the assault exception).

The intentional acts exception excludes injuries resulting from an employer's "conscious and deliberate intent to inflict injury." Gunderson v. Harrington, 632 N.W.2d 695, 704 (Minn. 2001). "[S]uch intent may not be inferred from mere negligence, though it be gross." Id. at 702 (quoting Breimhorst v. Beckman, 35 N.W.2d 719, 730 (Minn. 1949)). The exception does not apply in this case; while Ekblad alleges that his supervisors' policies negligently resulted in a workplace environment where student violence was prevalent, the evidence does not suggest that they "consciously and deliberately" intended to injure him.

The coemployee exception applies when a plaintiff can show: 1) that a coemployee had a personal duty toward the employee, the breach of which resulted in the employee's injury, 2) that the activity causing the injury was not part of the coemployee's general administrative responsibilities, and 3) that the coemployee was grossly negligent in performing that personal duty. See Wicken v. Morris, 527 N.W.2d 95, 98 (Minn. 1995) (explaining the same in a two-part test). The coemployee exception does not apply in this case because the coemployee exception does not apply to suits against the employer itself, and Ekblad's negligence claims are primarily against the school district.

Even if construed as against the named coemployees, the claims would still fail. The only duty Ekblad argues was breached is a duty to provide a safe workplace. That duty is held by the employer and is non-delegable to coemployees. See Stringer v. Minnesota Vikings Football Club, LLC, 705 N.W.2d 746, 756 (Minn. 2005) (citing Dawley v. Thisius, 231 N.W.2d 555, 558 (Minn. 1975)) (explaining that a manager would be immune from a suit alleging a breach of a duty to provide a safe workplace because that duty is held by the employer); see also Wicken v. Morris, 527 N.W.2d 95, 99 (Minn. 1995) (explaining that "[t]he seemingly harsh result of holding a co-employee immune from liability arising from breach of the employer's duty to provide a safe workplace is a necessary part of the statutory scheme"). The district court properly concluded the WCA barred Ekblad's claims.

Ekblad also alleged violations of a substantive due process right to a safe work environment. To plead such a claim, Ekblad must allege actions which "violated one or more fundamental constitutional rights" and were "shocking to the contemporary conscience." C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347, 591 F.3d 624, 634 (8th Cir. 2010) (quoting Flowers v. City of Minneapolis, 478 F.3d 869, 873 (8th Cir. 2007)). The defendants' alleged actions regarding school policies, however misguided, do not satisfy our standard for such claims. See Andrews v. Schafer, 888 F.3d 981, 984 (8th Cir. 2018) (quoting Karsjens v. Piper, 845 F.3d 394, 408 (8th Cir.

2017)) (internal quotations omitted) ("To shock the conscience the defendants' conduct must be so severe ... so disproportionate to the need presented, and ... so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience.").

### III.  Conclusion

We affirm.

_____