# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3864

_____

| | | |
|---|---|---|
| Andre Guite, | * | |
| | * | |
| Plaintiff - Appellee | * | |
| | * | |
| v. | * | Appeals from the United States |
| | * | District Court for the |
| James Wright; Steven James LaShomb, | * | District of Minnesota |
| | * | |
| Defendants - Appellants | * | |

_____

Submitted: May 15, 1998
Filed: June 26, 1998

_____

Before R. ARNOLD and FAGG, Circuit Judges, and BOGUE,[1] District Judge.

_____

BOGUE, Senior District Judge

The defendants appeal the district court's[2] denial of their summary judgment motion. We affirm in part and dismiss in part.

_____

[1]The Honorable Andrew W. Bogue, Senior United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

## I.

On October 27, 1995, a plain clothed police officer, defendant Wright, and three uniformed officers, including defendant LaShomb, arrived at the home of the plaintiff, Guite, to question his teenage son (David) about a series of armed robberies which had occurred in their city over the previous three nights.[3] Earlier that afternoon Officer Wright positively identified David as a suspect in the robberies. Wright and LaShomb approached the door of the home as the other officers watched the premises. When Guite answered the door, Wright asked to see David. Guite told the officers to either produce an arrest warrant or leave his premises, to which Wright replied that he did not need a warrant. At this point David approached and was standing near the entrance of the house. Guite alleges that LaShomb then took hold of his wrist, pushed him inside the house, and held him up against the open door to prevent him from interfering with the arrest of his son. Concurrently, he alleges, Wright entered the home, grabbed David, pulled him outside and arrested him.[4]

Guite brought the present action pursuant to 42 U.S.C. § 1983 alleging violations of his Fourth Amendment right against warrantless entry into his home and against the use of excessive force upon his person. The defendants filed a motion for summary judgment asserting qualified immunity. The district court denied the defendants' motion finding the officers' entry into Guite's home violated clearly established law which a reasonable officer should have known. The court further held that the use of force could be found unconstitutional under all the facts and circumstances, and that there is a genuine issue of whether force was needed under the circumstances.

---

[3]As the district court noted, there are "significant differences in the facts as reported by the various witnesses" regarding what occurred after the police arrived. Our recitation of the facts derives from the district court's summary of the facts made in a light most favorable to the plaintiff.

[4]David Guite faced juvenile court proceedings, and is not a plaintiff in this case.

The defendants' appeal is two-part. First, they appeal the district court's denial of summary judgment based on qualified immunity. Second, they argue the district court erred in failing to distinguish the claims asserted against the defendants and grant summary judgment where the facts did not support further litigation.

## II.

We review de novo the legal issue of the existence of qualified immunity. Rowe v. Lamb, 130 F.3d 812, 814 (8th Cir. 1997). In reviewing a denial of summary judgment, we view the evidence in the light most favorable to the nonmoving party and we accept as true the nonmoving party's account of the facts where there are material inconsistencies. Rogers v. Carter, 133 F.3d 1114, 1117 (8th Cir. 1998). Two requirements must be satisfied in order to defeat a defendant's claim of qualified immunity at the summary judgment stage. First, the plaintiff must allege a violation of a constitutional right. Second, the allegedly violated constitutional right must have been clearly established at the time of the alleged violation. Id. For a constitutional right to be clearly established, the contours of that right must be sufficiently clear and specific that a reasonable official would understand that what he is doing violates that right. Jackson v. Everett, 140 F.3d 1149, 1151 (8th Cir. 1998). In this case, the plaintiff has alleged two Fourth Amendment violations: warrantless entry into his home and use of excessive force against him.

It is clearly established that the Fourth Amendment prohibits a warrantless entry into a suspect's home to make a routine felony arrest absent consent or exigent circumstances. Rogers, 133 F.3d at 1118 (citations omitted). *See also*, Steagald v. United States, 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981)(In the absence of consent or exigent circumstances, an officer may not search for a suspect in a third party's home without first obtaining a search warrant); *and* Payton v. New York, 445 U.S. 573, 588-90, 100 S.Ct. 1371, 1381-82, 63 L.Ed.2d 639 (1980)(Absent exigent circumstances, the threshold of a home may not reasonably be crossed without a

warrant).  Under well-established law, therefore, the type of intrusion alleged by Guite would violate his Fourth Amendment rights, unless the officers can show exigent circumstances requiring a warrantless entry.

We agree with the district court that the evidence of exigent circumstances was not sufficient to support summary judgment.  The officers were not in hot pursuit of David.  Officer Wright testified that they had no reason to believe David might be carrying a weapon, and they were not concerned for the safety of the other occupants of the house.  Wright also testified that there was a sufficient number of officers accompanying him such that they could have surrounded the home to prevent any escape.  The defendants argue that exigent circumstances existed because it was late in the afternoon, there was no time to obtain a warrant before the close of business, and they were concerned that the robbery spree might continue if they did not stop David immediately.  These "exigencies" are vitiated, however, by the fact that the officers knew David was in the house, and had enough personnel to cover the house and prevent his escape while a warrant was obtained.  And despite the defendants' claims that there was not enough time to obtain a warrant, after they arrested David, they were able to obtain a search warrant for Guite's premises.  As the district court noted, there is at least a genuine issue whether the officers could have surrounded the home pending the issuance of an arrest warrant.  Under these circumstances, summary judgment was properly denied.

Similarly, we conclude that summary judgment was properly denied on the excessive force issue.  The right to be free from excessive force is a clearly established right under the Fourth Amendment's prohibition against unreasonable seizures of the person. Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); Greiner v. City of Champlin, 27 F.3d 1346 (8th Cir. 1994).  However, not every push or shove violates the Fourth Amendment. Graham, 490 U.S. at 396, 109 S.Ct. at 1872. Rather, the test is whether the force used to effect a particular seizure is "reasonable." Id. "[T]he 'reasonableness' inquiry in an excessive force case is an objective one: the

question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. at 397, 109 S.Ct. at 1872 (citation omitted).

Here, Guite alleges that after he told the officers to leave his property, LaShomb grabbed his wrist, pushed him backwards, and held him up against the open door inside the house. Guite further alleges that LaShomb acted concurrently with Wright's entry and seizure of David to prevent Guite's interference therewith. Moreover, at the time, Guite was recovering from surgery on his left shoulder and was wearing a sling on his left arm when he answered the door. Under these circumstances, we agree that there is a genuine issue of whether force was needed and whether such force was excessive under the circumstances. *See*, Walton v. City of Southfield, 995 F.2d 1331 (6th Cir. 1993)(summary judgment on qualified immunity properly denied because excessive use of force claim could be premised on officer handcuffing plaintiff if he knew that she had an injured arm and if he believed that she posed no threat to him).

Finally, the defendants argue the district court erred in failing to distinguish the claims asserted against each defendant and grant summary judgment where the facts did not support the claims. They seek summary judgment on the excessive force claim as applied to Officer Wright, and on the warrantless entry claim as applied to Officer LaShomb. Ordinarily, a district court's denial of summary judgment is not a final appealable order. Williams v. Delo, 49 F.3d 442, 445 (8th Cir. 1995); *See* 28 U.S.C. § 1291. An order denying summary judgment based on qualified immunity, however, may be final and appealable depending on the issue appealed. Johnson v. Jones, 515 U.S. 304, 310-12, 115 S.Ct. 2151, 2154-55, 132 L.Ed.2d 238 (1995). If the issue concerns whether a certain point of law is clearly established, or whether reasonable officials would have known that their actions violated the law, then the order is appealable. Mitchell v. Forsyth, 472 U.S. 511, 528-30, 105 S.Ct. 2806, 2816-17, 86 L.Ed.2d 411 (1985). If, on the other hand, the issue on appeal is whether the pretrial record creates a genuine issue of material fact as to the occurrence of particular

conduct, the order is not immediately appealable. <u>Behrens v. Pelletier</u>, 516 U.S. 299, 313, 116 S.Ct. 834, 842 (1996); <u>Johnson</u>, 515 U.S. at 316-20, 115 S.Ct. at 2158-59. This aspect of the defendants' appeals falls into the latter category. Therefore, this Court lacks jurisdiction to consider the district court's denial of their summary judgment motion insofar as it is based upon purely factual questions of the use of force and entry into the home by officers Wright and LaShomb respectively.

Accordingly, we dismiss for lack of jurisdiction that part of the appeal assigning error to the district court's failure to distinguish the plaintiff's claims against the defendants and grant summary judgment thereupon. We affirm in all other respects.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.