# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-4396

_____

| | | |
|---|---|---|
| Jeffery Lee Johnston; Hannah Johnston; Gordon Johnston; Dave Brown; Jenny Brown; | * * * * | |
| Plaintiffs/Appellees, | * * | |
| v. | * * | |
| City of Bloomington; Steven C. Martin, Police Officer; M. Sherman, Officer; | * * * | |
| | * | Appeal from the United States |
| Defendants/Appellants, | * | District Court for the District |
| | * | of Minnesota. |
| John Doe, officers with badge numbers 131, 105, 115, and 142; Exel Inn; John Doe, personally and in his capacity as employee/agent of Exel Inn; Jane Doe, personally and in her capacity as employee/agent of Exel Inn; Midwest Patrol; John Doe, agents/employees of Midwest Patrol; | * * * * * * * * | [PUBLISHED] |
| Defendants, | * * | |
| Terry Johnson; Thomas Plant, Police Officer; | * * * | |
| Defendants/Appellants, | * * | |

Michelle Felipe, personally and in     *
her capacity as employee/agent     *
of Exel Inn; Dale Bartosh, personally     *
and in his capacity as employee/agent     *
of Exel Inn; Felix McGovern, personally*
and in his capacity as employee/agent     *
of Exel Inn; Matt Yunker,     *
agent/employee of Midwest Patrol;     *
Ryan Franzen, as agent/employee of     *
Midwest Patrol; Mike Eichholz, as     *
agent/employee of Midwest Patrol;     *
    *
      Defendants.     *

_____

Submitted: November 19, 1998

Filed: March 12, 1999
_____

Before BEAM, MAGILL, MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

The City of Bloomington and Bloomington police officers Steven C. Martin, Michael Sherman, Terry Johnson, and Thomas Plant appeal the district court's denial of their motion for summary judgment. We affirm.

This action involves an altercation at the Excel Inn in Bloomington, Minnesota. In the early morning hours of January 20, 1996, members of Jeffery Johnston's family were evicted from the Exel Inn for loud behavior. An argument followed and eventually the police were called. Jeffery Johnston was arrested for disorderly conduct and trespass and was allegedly treated with excessive force by police

officers.  Johnston testified that the officers choked him, threw him down the stairs, and stepped on his face.  Some of this was captured on videotape.

Johnston and various family members sued the City of Bloomington, the police officers, Exel Inn and its employees, and a private security agency and its employees for assault, battery, false arrest, false imprisonment, and violations of their civil rights.  All defendants moved for summary judgment on various grounds.  The district court granted the motions in part and dismissed:  (1) state law and civil rights claims by all plaintiffs except Jeffery Johnston; (2) all claims against the hotel and its employees; (3) all claims against the private security company and its employees; (4) all defamation claims; and (5) the 42 U.S.C. § 1983 claim against the City of Bloomington.  The district court denied the motions for summary judgment with respect to Jeffery Johnston's section 1983 claims against the police officers and his assault, battery, false imprisonment, and false arrest claims against the police officers and the City of Bloomington.

The police officers now appeal the district court's denial of their motions.[1] They assert, as they did in the district court, that they are entitled to summary judgment on the ground of qualified immunity.  We agree with the district court's finding that Jeffery Johnston has presented evidence that would allow a reasonable juror to find that Johnston had been falsely imprisoned and that the officers had used excessive force against him.  We also agree that, at the time of the incident, it was clearly established law that a person had the right to be free from unreasonable seizures and excessive force.

---

[1]Although the City purports to appeal on its own behalf, only the issue of the officers' entitlement to qualified immunity is presented in its brief.  We thus consider this to be an appeal by the officers.  Although denials of motions for summary judgment are not ordinarily appealable orders, the denial of a motion for summary judgment involving the question of qualified immunity can be appealed.  See Guite v. Wright, 147 F.3d 747, 751 (8th Cir. 1998).

Accordingly, we find no error in the district court's finding that the officers are not entitled to qualified immunity on those claims. The order of the district court is affirmed. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.