# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1684

_____

Rocky Lynn Thompson,

    Appellant,

  v.

Timothy Zimmerman and D. F.
Peninger, Benton County Jailors, in
their official and individual capacities,

    Appellees.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Arkansas
\*
\*
\*
\*
\*

_____

Submitted: October 30, 2003

Filed: December 1, 2003

_____

Before RILEY, McMILLIAN, and SMITH, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

  Rocky Lynn Thompson appeals from the final judgment entered in the District Court for the Western District of Arkansas upon an adverse grant of summary judgment on his constitutional and state law claims. For reversal Thompson argues that genuine issues of material fact precluded a finding that Timothy Zimmerman and D. F. Peninger were entitled to qualified immunity. For the reasons discussed below, we reverse the judgment of the district court and remand the case to the district court for further proceedings.

We conclude that Thompson's testimony, if believed, would establish a constitutional violation.  See Heisler v. Metro. Council, 339 F.3d 622, 626 (8th Cir. 2003) (summary judgment standard of review).  According to Thompson, he was sitting on a bench, with his hands on his legs, looking down, when Zimmerman and Peninger entered his cell and beat him.  Thompson was not yelling or kicking the walls or the doors, although he had done so previously, and thus there would have been no basis for a reasonable officer to believe force was needed at that time to prevent Thompson from endangering himself or others.  See Kukla v. Helm, 310 F.3d 1046, 1050 (8th Cir. 2002); Johnston v. City of Bloomington, 170 F.3d 825, 826-27 (8th Cir. 1999) (per curiam).  In addition, the injuries allegedly sustained by Thompson--a blow to the head, kicks to the head, ribs, and groin, and injury to the eye socket and nose--were sufficient for an excessive force claim.  See Lambert v. City of Dumas, 187 F.3d 931, 936 (8th Cir. 1999).  Zimmerman's and Peninger's testimony to the contrary, which was undermined by Zimmerman's admission that the two had submitted false reports concerning the incident, merely created a credibility issue for the fact finder.  See Grossman v. Dillard Dep't Stores, Inc., 47 F.3d 969, 971 (8th Cir. 1995).

We further conclude that the constitutional right asserted by Thompson--the right to be free from excessive force--was clearly established on the date of Thompson's arrest and alleged beating.  See Guite v. Wright, 147 F.3d 747, 750 (8th Cir. 1998).

Accordingly, we reverse the district court's grant of summary judgment based on qualified immunity, and remand for further proceedings consistent with this opinion.

_____