11-1226-cv
Beckles v. City of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of August, two thousand twelve.

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
                      *Circuit Judges*.

_____

BETTY BECKLES,

                 *Plaintiff-Appellant*,

            -v.-                                              11-1226-cv

CITY OF NEW YORK, P.O. JEAN VERDESOTO,
P.O. JULIO GONZALEZ, P.O. RAFAEL SANCHEZ,
P.O. SEO SEUNGWOO, FRANK AMILL,
P.O. JESSICA CABALLOS, P.O. THOMAS FABRIZI,
P.O. NICOLE FEBUS,

                 *Defendants-Appellees*.

_____

Appearing for Appellant:     Nkereuwem Umoh, Umoh Law Firm, PLLC, Brooklyn, N.Y.

Appearing for Appellee:      Susan B. Eisner, Assistant Corporation Counsel (Francis F. Caputo and Philip S. Frank, *on the brief*) *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Holwell, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-appellant Betty Beckles filed a complaint against defendants-appellees the City of New York and officers of the New York City Police Department, alleging constitutional violations and state law claims in connection with her arrest on July 3, 2007. The complaint included claims of false arrest, excessive force, and civil rights conspiracy under sections 1983 and 1985(3) of Title 42 of the United States Code. After the close of discovery, the government moved for summary judgment, which the district court granted. Beckles now appeals. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review de novo a district court's grant of summary judgment, "resolv[ing] all ambiguities and draw[ing] all factual inferences in favor of the party against whom summary judgment is sought." *O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 37 (2d Cir. 2003). Summary judgment is appropriate when there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. We review only the dismissal of Beckles's claims of excessive force and civil rights conspiracy against the named defendants because Beckles has abandoned the remaining claims by failing to brief them on appeal. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011).

The district court concluded that no reasonable jury could find that the defendant officers had used excessive force against Beckles. Without reaching the merits of Beckles's excessive force claim, we affirm on the alternate ground that the officers are entitled to qualified immunity because any right they may have violated was not "clearly established" at the time of the events at issue. *See Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) ("We may . . . affirm on any basis for which there is a record sufficient to permit conclusions of law." (internal quotation marks omitted)); *Nagle v. Marron*, 663 F.3d 100, 114 (2d Cir. 2011) ("Qualified immunity depends on whether, '[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show the [official's] conduct violated a . . . right,' and, if so, whether that right was 'clearly established' at the time of the events at issue." (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009))); *Pearson*, 555 U.S. at 236 (holding that "the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first").

A right is "clearly established" if "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202. Where, as here, it is not disputed that freedom from excessive force is a clearly established right, we ask whether "various courts have agreed that certain conduct is a constitutional violation under facts not distinguishable in a fair way from the facts presented in the case at hand." *Id.* at 202.

In this case, even construing all of the evidence in Beckles's favor, it was not clearly established at the time of her arrest that the force employed in carrying out that arrest was excessive under the circumstances. While there is a general consensus among courts to have addressed the issue that otherwise reasonable force used in handcuffing a suspect may be unreasonable when used against a suspect whom the officer knows to be injured, these cases

2

involving handcuffing uniformly concern suspects who either have visible injuries or are cooperating in their arrests. *See, e.g.*, *Walton v. City of Southfield*, 995 F.2d 1331, 1342 (6th Cir.1993) ("An excessive use of force claim could be premised on [the officer's] handcuffing [the plaintiff] if he knew that she had an injured arm and if he believed that she posed no threat to him."), *superseded by court rule on other grounds as stated in Livermore ex rel Rohm v. Lubelan*, 476 F.3d 397, 407-08 (6th Cir. 2007); *see also, e.g.*, *Littrell v. Franklin*, 388 F.3d 578, 585-86 (8th Cir. 2004); *Guite v. Wright*, 147 F.3d 747, 750 (8th Cir. 1998) (permitting excessive force claim where despite *visible* shoulder injury marked by use of a sling, officer grabbed plaintiff's wrist, pushed him, and held him against a door); *Ferguson v. Hall*, 33 F. Supp. 2d 608, 612 (E.D. Mich. 1999) (denying motion for summary judgment where officer ignored plaintiff's request for front handcuffing after plaintiff displayed "deformed" arm to officer); *Pritzker v. City of Hudson*, 26 F. Supp. 2d 433, 444 (N.D.N.Y. 1998) (denying qualified immunity where *cooperative* arrestee advised officer of pre-existing injury prior to handcuffing).

We are aware of no case, and Beckles points to none, where a court held that ignoring an *un*cooperative suspect's claim of *invisible* injury (such that handcuffing could be harmful) made during the course of handcuffing constituted excessive force. As such, in these circumstances, it was not clearly established that the force used by the defendant officers in arresting Beckles was excessive, and they are therefore entitled to qualified immunity on the excessive force claim. In view of this conclusion, it is unnecessary to address the conspiracy claim. *See Deters v. Lafuente*, 368 F.3d 185, 187 n.2 (2d Cir. 2004).

As to Beckles's argument that the district court erred in allowing defendants to move for summary judgment when they had failed to file answers to Beckles's final two amended complaints, Beckles failed to move for a judgment of default and cites to no authority for the proposition that a district court has a duty to order a judgment of default sua sponte under these circumstances. "We normally will not reverse a judgment on the basis of an argument that was not made to the district court," *Leyda v. AlliedSignal, Inc.*, 322 F.3d 199, 207 (2d Cir. 2003), and we see no reason to do so in this case.

Finally, we decline to review Beckles's claim that the district court erred in approving the imposition of a discovery sanction, given that she has failed to address the district court's reasons for doing so and has provided no basis for concluding that the court abused its discretion. *See Mickalis*, 645 F.3d at 137; *S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 143 (2d Cir. 2010) (holding that we review imposition of discovery sanctions for abuse of discretion).

We have reviewed the remainder of Beckles's arguments and found them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3