# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1378

_____

Bernard Eggenberger

*Plaintiff - Appellant*

v.

West Albany Township, a Minnesota governmental entity; John W. Moechnig,
West Albany Township City Clerk in his official capacity or his successor

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: December 15, 2015
Filed: April 21, 2016

_____

Before WOLLMAN, LOKEN, and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

Bernard Eggenberger alleges violations of his Minnesota and federal constitutional rights and unlawful retaliation by West Albany Township and its clerk

John E. Moechnig (collectively, "the Township"). The district court[1] dismissed the lawsuit and Eggenberger appeals. We affirm.

I

Bernard Eggenberger is a citizen and political activist in West Albany Township, Minnesota. West Albany Township is a governmental entity in Minnesota. John E. Moechnig is the West Albany Township City Clerk and was sued in his official capacity. Eggenberger attends Township meetings, reviews Township documents, and pays attention to Township actions. Based on these observations, Eggenberger has publicized various criticisms of the governance of the Township. Eggenberger has published his opinions in the local newspaper and, at least once, reported an illegal land transfer to a state agency. Eggenberger has brought at least one lawsuit acting as a private attorney general. The suit was ultimately dismissed as frivolous, but during litigation Eggenberger sought a subpoena against the Township, who was a non-party to the lawsuit. The Township did not comply with the subpoena and instead served on Eggenberger a written objection. The Township also discussed the possibility of seeking a restraining order against Eggenberger. The Township never actually sought a restraining order.

Eggenberger alleges the Township generally allows individuals to view and copy public information, but the Township targeted Eggenberger specifically and prevented him from viewing and photocopying the type of documents generally available to the public.

Based on the above conduct, Eggenberger filed a lawsuit in Minnesota state court alleging violations of his constitutional rights. The Township removed the

---

[1]The Honorable Joan Ericksen, United States District Judge for the District of Minnesota.

action to federal court, and the case proceeded under Eggenberger's First Amended Complaint. In the First Amended Complaint, Claim I and Claim II allege violations of the Minnesota Constitution; Claim III alleges a violation of the First Amendment of the United States Constitution; and Claim IV and Claim V allege First Amendment retaliation claims. The district court dismissed the lawsuit on the pleadings.

II

We review a district court's grant of a motion for judgment on the pleadings de novo. JPMorgan Chase Bank, N.A. v. Johnson, 719 F.3d 1010, 1014 (8th Cir. 2013). "We accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." Faibisch v. Univ. of Minnesota, 304 F.3d 797, 803 (8th Cir. 2002).

A

Eggenberger first argues the Township violated rights found in the Minnesota Constitution, including Eggenberger's rights to political speech, free speech, association, and petition. We need not determine whether the Township, by allegedly denying Eggenberger access to and the ability to photocopy documents, violated the Minnesota Constitution because it is not self-enforcing and Eggenberger has failed to state a claim upon which relief may be granted.

"[T]here is no private cause of action for violations of the Minnesota Constitution." Guite v. Wright, 976 F. Supp. 866, 871 (D. Minn. 1997), aff'd on other grounds, 147 F.3d 747 (8th Cir. 1998); see also Mlnarik v. City of Minnetrista, No. A09-910, 2010 WL 346402 at *1 (Minn. App. Feb. 2, 2010) (explaining "no private cause of action for a violation of the Minnesota constitution has yet been recognized" and "[t]herefore appellant's complaint fails to state a claim"); Danforth v. Eling, No. A10-130, 2010 WL 4068791 at *6 (Minn. App. Oct. 19, 2010) (noting "there is no

private cause of action for violations of the Minnesota Constitution" and plaintiff's claims were properly dismissed as frivolous). Accordingly, Eggenberger has no cause of action under the Minnesota Constitution.

Eggenberger argues the lack of a private cause of action for constitutional violations is of no import because the Minnesota Constitution is enforceable under Minnesota's Uniform Declaratory Judgment Act ("UDJA"). The UDJA establishes that "[a]ny person . . . whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder." Minn. Stat. § 555.02 (2016). Eggenberger argues the Township has a qualifying "municipal rule or regulation" because it sometimes grants individuals the ability to obtain public information. Because Eggenberger believes access to government information is a common law right and Minnesota Constitution Article I, Section 8, assures remedies for rights vested at common law, he argues a valid cause of action exists.

"[A]rticle I, Section 8 of the Minnesota Constitution only assures remedies for rights that vested at common law. The purpose of the section is to protect common law rights and remedies for which the legislature has not provided a reasonable substitute." Hickman v. Grp. Health Plan, Inc., 396 N.W.2d 10, 14 (Minn. 1986). "But article I, section 8, of the Minnesota Constitution is not a separate and independent source of legal rights on which to base a declaratory-judgment action. The Remedies Clause protects and preserves rights and remedies recognized under the common law." Hoeft v. Hennepin Cty., 754 N.W.2d 717, 726 (Minn. Ct. App. 2008). Therefore, Article I, Section 8 of the Minnesota Constitution can only provide an avenue to the courts where "there is a vested common-law right." Id. It is incumbent on Eggenberger to "produce[] evidence of this right," id., and he has failed to do so. Minnesota has never recognized such a right, and, contrary to Eggenberger's

-4-

argument, the Township did not "create" a common law right by allowing Eggenberger and others some access to documents. Accordingly, Eggenberger has no private right of action under this theory, and the district court properly dismissed his Minnesota constitutional claims.

B

Eggenberger next argues his First Amendment rights of free speech, association, and to petition for the redress of grievances were violated. Eggenberger alleges these violations occurred when the Township denied him access to otherwise publicly available documents.

The Supreme Court has "never intimated a First Amendment guarantee of a right of access to all sources of information within government control." Houchins v. KQED, Inc., 438 U.S. 1, 9 (1978). The First Amendment guarantees a right to publish information, but not necessarily a right to *gain* information. Id. at 10 (noting prior cases "did not remotely imply a constitutional right guaranteeing anyone access to government information beyond that open to the public generally"); see also Rice v. Kempker, 374 F.3d 675, 680 (8th Cir. 2004). Accordingly, Eggenberger has no First Amendment right to access information which is not publicly available as a general matter.

Eggenberger argues the information was, in fact, generally available to the public, but the Township denied Eggenberger access on a targeted basis. While Eggenberger's complaint asserts that the Township, as a general rule, allows individuals some access to documents, he does not allege a different person seeking the same information would have been given access. Minnesota has not created a statutory right to access all Township information, and the Township does not have any rules or regulations which guarantee the right to access all Township information. Simply by allowing Eggenberger and other members of the public some access to its

-5-

documents, the Township did not create a First Amendment right to access all information. The First Amendment claim was properly dismissed.

C

Finally, Eggenberger argues the Township twice engaged in unconstitutional retaliation. First, Eggenberger alleges the Township retaliated against Eggenberger's reporting activities to other government officials by denying Eggenberger access to documents. Second, Eggenberger alleges the Township retaliated against Eggenberger because he sought a subpoena while acting as a private attorney general. Eggenberger says the Township retaliated by, instead of replying to the subpoena, discussing the possibility of imposing a restraining order against Eggenberger.

"To prevail on his First Amendment retaliation claim, [Eggenberger] must show (1) that he engaged in a constitutionally protected activity; (2) that the defendant took adverse action against him that would chill a person of ordinary firmness from continuing in the activity; and (3) that the adverse action was motivated in part by [Eggenberger]'s exercise of his constitutional rights." Scheffler v. Molin, 743 F.3d 619, 621 (8th Cir. 2014). "This is an objective test: [t]he question is not whether the plaintiff [him]self was deterred, though how plaintiff acted might be evidence of what a reasonable person would have done." Id.

Eggenberger first alleges the Township retaliated against his reporting activities by denying him access to information. Because Eggenberger has not demonstrated a constitutional right to access the information, there was no chilling of a constitutional right. Eggenberger does not allege, and we do not believe, the Township's activities would have chilled an ordinary person from publicizing any concerns with the Township. Importantly, the Township did not do anything to chill Eggenberger's right to public speech, but instead infringed his ability to access documents, which is not a constitutionally protected right. See Houchins, 438 U.S.

at 10.  Accordingly, Eggenberger has failed to show any chilling effect on his constitutional rights.  See Scheffler, 743 F.3d at 621 (requiring the plaintiff to show a chilling effect on a constitutional right).

Eggenberger next alleges the Township retaliated by failing to comply with a subpoena in the lawsuit filed by Eggenberger in which he was acting as a private attorney general and instead improperly discussed the imposition of a restraining order.  This claim fails because Eggenberger's alleged protected activity does not qualify.  Although filing a lawsuit is generally a protected activity under the First Amendment right to petition for the redress of grievances, the Supreme Court has long held "baseless litigation is not immunized by the First Amendment right to petition." Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 743 (1983); see also McDonald v. Smith, 472 U.S. 479, 484 (1985).  The state court dismissed Eggenberger's lawsuit for failure to state a claim and because Eggenberger's "claim [wa]s made for purposes of harassment, vexatiousness and otherwise in bad faith." Accordingly, Eggenberger did not engage in protected activity by filing the lawsuit and his claim of retaliation fails.  See Scheffler, 743 F.3d at 621 ("To prevail on his First Amendment retaliation claim, [Eggenberger] must show (1) that he engaged in a constitutionally protected activity . . . .").

### III

Accordingly, we affirm the district court.

_____