15-860-cv
Bierce v. Town of Fishkill

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of July, two thousand sixteen.

PRESENT: DENNIS JACOBS,
DENNY CHIN,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

-----------------------------------------------------------------------
SCOTT BIERCE,

*Plaintiff-Appellant*,


v.                                                                  No. 15-860-cv


TOWN OF FISHKILL, ROBERT LACOLLA, Supervisor, Town of Fishkill, sued in his personal capacity,
*Defendants-Appellees*.
-----------------------------------------------------------------------


FOR PLAINTIFF-APPELLANT:          MICHAEL H. SUSSMAN, Sussman & Watkins, Goshen, NY.


FOR DEFENDANTS-APPELLEES:         DAVID L. POSNER, McCabe & Mack LLP, Poughkeepsie, NY.


Appeal from judgment and orders of the United States District Court for the

Southern District of New York (Briccetti, *J.*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and orders of the district court are **VACATED**.

Plaintiff-Appellant Scott Bierce appeals from a judgment and order of the district court granting Defendant-Appellee Town of Fishkill's motion for summary judgment and Defendant-Appellee Robert LaColla's motion for judgment on the pleadings. Bierce, a police captain with the Town of Fishkill Police Department, was politically aligned with Joan Pagones, the Town Supervisor, and supported her reelection campaign. Defendant LaColla ran against Pagones, ultimately defeating her. LaColla and a new Town Board took office on January 1, 2012. At a meeting of the Board one month later, the Board voted to demote Bierce. Bierce alleges that Defendant-Appellees violated his First Amendment rights by demoting him in retaliation for his political support of Pagones. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

1. Summary Judgment

We review a district court's grant of summary judgment *de novo*. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Zaretsky v. William Goldberg Diamond Corp.*, 820 F.3d 513, 519 (2d Cir. 2016) (quoting Fed. R. Civ. P. 56(a)).

A public employee has the right to freely associate, and is "protected by the First Amendment from retaliation for doing so." *State Emps. Bargaining Agent Coal. v.*

*Rowland (Rowland II)*, 718 F.3d 126, 132 (2d Cir. 2013) (internal quotation marks omitted). To establish a First Amendment retaliation claim for political association in the public employment context, a plaintiff must show that: (1) he was engaged in protected activity; (2) he suffered an adverse employment decision; and (3) there was a causal connection between the protected activity and the adverse employment decision. *See Gorman-Bakos v. Cornell Coop. Extension*, 252 F.3d 545, 553 (2d Cir. 2001). Once a plaintiff has presented such evidence, the defendant may respond by showing, by a preponderance of the evidence, that it would have taken the same adverse employment action regardless of the plaintiff's conduct. *Id.*

The issue in this appeal is the third prong of the above-referenced test, *i.e.*, whether Bierce has raised a genuine dispute of fact as to whether a causal connection exists between his political activity and the Board's decision to demote him. We conclude that he has.

To establish causation, a plaintiff must show that his protected activity was a "substantial motivating factor" in the adverse employment decision. *See Deters v. Lafuente*, 368 F.3d 185, 190 (2d Cir. 2004) (per curiam) (internal quotation marks omitted). This may be done either directly, by evidence of retaliatory animus, or indirectly, by circumstantial evidence, such as by showing that the protected activity was closely followed in time by the adverse employment decision. *Morris v. Lindau*, 196 F.3d 102, 110 (2d Cir. 1999), abrogated on other grounds by *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006). *See also Gorman-Bakos*, 252 F.3d at 554. In its decision below, however, the district court concluded that the only way Bierce could establish causation

3

was by showing that LaColla (1) harbored retaliatory animus, and (2) influenced the Board's vote to demote Bierce, either by communicating with other Board members directly or by prompting the Chief of Police to propose Bierce's demotion. The district court then held that Bierce's claim failed because he could not show that LaColla's bias infected the Board's decision.

We conclude that, in so holding, the district court impermissibly heightened Bierce's burden at summary judgment. *See Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 786 (2d Cir. 2007) (noting, in context of substantive due process claim, that plaintiff "may prevail—and, at the very least, should survive summary judgment—even when the plaintiff has not presented evidence that a majority of the individual members of [a] body acted with unconstitutional motives"). *See also Coogan v. Smyers*, 134 F.3d 479, 485 (2d Cir. 1998) (confirming that burden is on defendant, not plaintiff, to show that majority of public body lacked requisite animus).

Applying the proper legal standard, we conclude that Bierce offered sufficient evidence to raise a genuine dispute of fact on causation, thereby precluding summary judgment. According to both parties' submissions, Bierce publicly supported Pagones throughout the 2011 election cycle, until Pagones lost to LaColla in the September 2011 primary election. After winning the general election, LaColla and the new Board took office on January 1, 2012. Only one month later, on February 1, 2012, the Board voted to eliminate Bierce's captain's position, effectively demoting him to a lower rank. While we have declined to draw a "bright line" defining the outer limits beyond which causation

4

based on temporal proximity may be established, *Gorman-Bakos*, 252 F.3d at 554, the brief passage of time between Bierce's political support of Pagones—of which the Board members were aware—and the Board's decision to demote him militates in favor of an inference of causation, *see Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2009) (inferring causation based on six-month lapse between protected speech and alleged retaliatory actions); *Gorman-Bakos*, 252 F.3d at 555 (same based on five-month lapse).

Other evidence, taken together with the proximity in time, tends to support an inference of retaliation. For example, after finding out that Bierce supported Pagones politically, LaColla warned him that "police and politics don't mix." App'x at 783. Also relevant is the Town's significant departure from its typical procedures. Chief of Police Williams raised the idea of eliminating positions from the police department in January 2012. Yet such a proposal would have typically been made during the Town's annual budget adoption process, which was concluded the previous fall. The newly elected Board immediately supported Chief Williams's proposal, voting on Bierce's demotion within a month of the election and without any meaningful discussion—a sequence also at odds with typical Town procedure. And, according to the former Chairman of the Town of Fishkill Republican Party, at least two other Pagones supporters lost their jobs following the election of the new Board. Taken together and viewed in the light most favorable to Bierce, this circumstantial evidence suffices to establish a *prima facie* claim of retaliation under the First Amendment.

The Town maintains that Bierce's demotion was not a retaliatory act, but rather a much-needed cost-saving measure. A reasonable jury could find otherwise. Although the Town suffered from multi-million dollar deficits in previous years, it had already adopted a balanced budget for the 2012 fiscal year in the fall preceding Bierce's demotion—a budget that included funding for Bierce's position. While Defendants insist that, given the Town's financial concerns, they were searching for opportunities to cut costs, the Board did not produce evidence that it sought similar cuts from other departments. Additionally, the actual savings from Bierce's demotion was not calculated at the time of the vote and remains disputed; the Board claims a cost savings of $40,000, while Bierce claims $7,500. Even assuming the Board is correct, a reasonable jury could find that a savings of $40,000 was insufficient by itself to explain the Board's unusual procedure in demoting Bierce. We therefore conclude that genuine issues of fact exist as to whether the Town would have demoted Bierce in the absence of his political activity.

The Town also argues that, even if LaColla acted with improper motive, the other members of the Board did not, thereby insulating the Board from liability. *See Coogan*, 134 F.3d at 485 (holding that if majority of defendants prove their individual votes were not influenced by impermissible motives, then causation is absent and defendants as a group cannot be held liable). In making this argument, the Town relies in part on the lack of discussion among the Board members regarding the resolution at the time of its adoption. However, there are certain inconsistencies in the record on this point. For example, although Board Member Curry testified that he spoke with Board Member Buck about the

6

resolution sometime in January before the vote, Buck denied ever having such a conversation. In any event, the absence of discussion among Board members does not preclude a finding that these members acted with impermissible motives or were otherwise influenced in their actions, particularly since Board members were well aware of Bierce's political activity.

We conclude that Bierce has offered sufficient evidence to raise genuine disputes of material fact concerning the Board's motives for demoting him. Accordingly, the district court erred in granting summary judgment in the Town's favor on this record. *See Morris*, 196 F.3d at 110 ("Summary judgment is precluded where questions regarding an employer's motive predominate in the inquiry regarding how important a role the protected speech played in the adverse employment decision.").[1]

### 2. Judgment on the Pleadings

We review a district court's grant of judgment on the pleadings *de novo*, *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006), accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor, *Karedes v. Ackerley Grp., Inc.*, 423 F.3d 107, 113 (2d Cir. 2005).

Under 42 U.S.C. § 1983, local legislators are absolutely immune from liability for their legislative activities. *Bogan v. Scott-Harris*, 523 U.S. 44, 48 (1998); *accord Harhay v. Town of Ellington Bd. of Educ.*, 323 F.3d 206, 210 (2d Cir. 2003). To determine whether an

---

[1] Because we find that summary judgment was improperly granted, we need not address the district court's refusal to consider Bierce's late-filed affidavit during the summary judgment proceedings.

7

act is legislative, we apply a functional test, looking to "the nature of the act" and not "the official's motive or intent." *State Emps. Bargaining Agent Coal. v. Rowland ("Rowland I")*, 494 F.3d 71, 82 (2d Cir. 2007) (internal quotation marks omitted).

Voting for an ordinance is a "quintessentially legislative" act. *Bogan*, 523 U.S. at 55. So too is eliminating a position for budgetary or policy reasons. *See id.* at 56. *See also Rowland I*, 494 F.3d at 91. Here, the Board voted to eliminate two positions from the police department, citing budgetary concerns. The district court concluded that LaColla's actions were legislative, and granted LaColla's motion for judgment on the pleadings.

However, we have previously held that personnel decisions—even if accomplished by vote—are administrative, and therefore not immune to liability, if they are directed at a particular employee and do not adopt or implement a broader legislative policy. *See Almonte v. City of Long Beach*, 478 F.3d 100, 107–08 (2d Cir. 2007); *Harhay*, 323 F.3d at 210–11. The Board's resolution affected just two employees—both of whom were specifically identified by name. Even if we were to conclude that this resolution was not directed at a particular employee, the pleadings contain no allegations that the resolution formed part of a broader legislative policy. Defendants' reliance on *Bogan*, then, is misplaced. Although that decision involved the elimination of a particular department, of which the plaintiff was the sole employee, the elimination occurred as part of a larger budgetary package that proposed freezing the salaries of all municipal employees and eliminating 135 positions. *See Bogan*, 523 U.S. at 46–47. We therefore conclude that the

8

allegations were insufficient to support LaColla's claim of absolute legislative immunity on a motion for judgment on the pleadings.

Accordingly, we VACATE the judgment and orders of the district court and REMAND for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court